IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS ROMERO HERNANDEZ, | ) | |
| ID #00806344, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:23-CV-1215-M-BH |
| | ) | |
| DIRECTOR, Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for Federal Writ of Habeas Corpus 28 USC §§ 2241(a)(b) Pursuant to 28 USC § 2241(a)*, received on May 22, 2023 (doc. 1), and transferred to this district on May 25, 2023 (doc. 2), should be construed as a successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and **DISMISSED** without prejudice for lack of jurisdiction.

**I.      BACKGROUND**

Carlos Romero Hernandez (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a state conviction. (*See* doc. 1.) The respondent is the Director of TDCJ-CID. (*See id.* at 1.)

In 1997, Petitioner was convicted of capital murder in Cause No. F-9702029-QH in Dallas County, Texas, and sentenced to life imprisonment. *See State v. Hernandez*, No. F-9702029 (Crim. Dist. Ct., Dallas Cty., Tex. 1997). The conviction and sentence were affirmed on direct appeal,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

and the Texas Court of Criminal Appeals refused his petition for discretionary review as untimely. *See Hernandez v. State*, No. 08-97-00537-CR (Tex. App.—Dallas Apr. 6, 2000, pet. ref'd); *Hernandez v. State*, No. PD-1836-00 (Tex. Crim. App. Nov. 1, 2000). On July 11, 2001, his first state habeas application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. *See Ex parte Hernandez*, No. WR-49,532-01 (Tex. Crim. App. July 11, 2001).

He filed his first federal habeas petition under 28 U.S.C. § 2254 challenging his conviction on March 22, 2002, and it was dismissed without prejudice for failure to exhaust state remedies on May 30, 2002. *See Hernandez v. Cockrell*, No. 3:02-CV-621-G (N.D. Tex. May 30, 2002), docs. 1, 7-9. Petitioner filed a second § 2254 petition on June 12, 2002, and it was dismissed with prejudice as barred by the statute of limitations on January 7, 2004. *See Hernandez v. Dretke*, No. 3:02-CV-1214-P (N.D. Tex. Jan. 7, 2004), docs. 1, 8, 10-11. He subsequently filed three additional state habeas applications that were received by the Texas Court of Criminal Appeals on September 26, 2005, October 27, 2011, and January 15, 2016. *See Ex parte Hernandez*, No. WR-49,532-05 (Tex. Crim. App. Jan. 15, 2016); *Ex parte Hernandez*, No. WR-49,532-04 (Tex. Crim. App. Oct. 27, 2011); *Ex parte Hernandez*, No. WR-49,532-02 (Tex. Crim. App. Sept. 26, 2005). The first was denied without written order on the findings of the trial court without a hearing on February 15, 2006, and the other two were dismissed on November 9, 2011, and February 3, 2016, respectively, as subsequent applications. *See id.*

On April 11, 2016, Petitioner moved for authorization from the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) to file a successive § 2254 petition. *See In re Hernandez*, No. 16-10428 (5th Cir. Apr. 11, 2016), doc. 1. The Fifth Circuit denied his motion on May 18, 2016. *See id.* at doc. 15. He then filed a third § 2254 petition in the district court on

2

August 9, 2016, which was transferred to the Fifth Circuit as a successive petition on October 5, 2016. *See Hernandez v. Davis*, No. 3:16-CV-2307-L-BK (N.D. Tex. Aug. 9, 2016), docs. 3, 6, 8. The Fifth Circuit denied authorization to file a successive § 2254 petition on January 20, 2017, and warned Petitioner that future frivolous or repetitive motions for authorization to file a successive § 2254 petition would result in the imposition of sanctions. *See In re Hernandez*, No. 16-11467 (5th Cir. Jan. 20, 2017), docs. 23-24.

In his current petition, Petitioner contends that "[t]he proceedings was [sic] tainted with substantial constitutional violations . . . . [t]hat resulted in the conviction of one who is actually innocent of the offense[.]" (doc. 1 at 2.) He claims that "[h]is custody violates both, [sic] the Due Process Clause of the 14th Amendment to the United States Constitution, and its underlying federal laws." (*Id.*) He alleges the following "Issues(s) [sic] for Review":

    (1) Reasonable Doubt/Proof Issue(s);

    (2) Insufficient Evidence; and

    (3) Indictments, Due Process, 5th and 6th Amendments, Prosecutorial Misconduct, Criminal Process/Proceedings.

(*Id.* at 3-4.)

## II.    NATURE OF SUIT

Petitioner claims that he is filing this action under 28 U.S.C. § 2241, and "that he is challenging only, whether or not, substantial constitutional rights were violated that included federal law, and Bill or [sic] Rights, and not the end result." (*Id.* at 4; *see also id.* at 1-3.) He is expressly challenging his state court conviction and seeks its reversal or modification, however. (*See id.* at 11, 13, 15, 18-19.)

Challenges to state convictions are governed by 28 U.S.C. § 2254. In addition, § 2241(c) provides that habeas relief is not available to a prisoner unless:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted. . .; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c). Only the third paragraph appears to apply in this case. If Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States" for purposes of § 2241(c)(3), he is also in custody for purposes of § 2254. Because "a more specific provision controls a more general provision," this action falls under the more specific provision of § 2254 and it is therefore construed as arising under that section. *Carmona v. Andrews,* 357 F.3d 535, 538 (5th Cir. 2004).

### III.    JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324

F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *See Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*, 523 U.S. at 645. A dismissal based on the statute of limitations as in this case, however, is considered an adjudication on the merits for determining whether a subsequent petition is successive. *See Higginbotham v. Barnes*, No. 21-60601, 2022 WL 795433 at *1 (5th Cir. Mar. 15, 2022) (citing *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)).

Here, Petitioner challenges the same conviction that he challenged in a prior federal petition that was dismissed with prejudice on its merits. (*See* doc. 1); *Hernandez*, No. 3:02-CV-1214-P (N.D. Tex. Jan. 7, 2004), docs. 10-11. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL

741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction and sentence.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his federal petition decided on the merits. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 petition, it lacks jurisdiction to consider the petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Because Petitioner attacks the same conviction that he has

challenged in several prior habeas petitions, including a prior successive § 2254 petition, and he has already been warned by the Fifth Circuit about filing future frivolous or repetitive motions for authorization to file a successive § 2254 petition, dismissal, rather than transfer, is warranted.

## IV.    RECOMMENDATION

The *Petition for Federal Writ of Habeas Corpus 28 USC §§ 2241(a)(b) Pursuant to 28 USC § 2241(a)*, received on May 22, 2023 (doc. 1), should be construed as a successive petition under 28 U.S.C. § 2254 and **DISMISSED** for lack of jurisdiction without prejudice to Petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 15th day of August, 2023.**

IRMA CARRILLO RAMÍREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMÍREZ
UNITED STATES MAGISTRATE JUDGE