IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS ROMERO HERNANDEZ,  )<br>    ID #00806344,    )<br>        Petitioner,    )<br>                )<br>vs.            )<br>                )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent.    ) | No. 3:23-CV-1215-M-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petitioner* [sic] *Objection Notice Pursuant to US.C.S.* [sic] *Fed Rules Civ. Proc* [sic] *72*, received on September 14, 2023 (doc. 13), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

## I.    BACKGROUND

Carlos Romero Hernandez (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a state conviction. (*See* doc. 1.) On August 15, 2023, it was recommended that the petition be construed as a successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and dismissed without prejudice for lack of jurisdiction. (*See* doc. 10.) On September 12, 2023, the recommendation was accepted, judgment was entered construing the petition as a successive § 2254 petition and dismissing it for lack of jurisdiction without prejudice to his right to file a motion for leave to file a successive § 2254

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

petition in the United States Court of Appeals for the Fifth Circuit, and a certificate of appealability was denied. (*See* docs. 11-12.)

On September 13, 2023, Petitioner's objections to the recommendation were received. (*See* doc. 13.) He claims that his petition was filed "[p]ursuant to 28 U.S.C. § 2241(a). (b). [sic] challenging only. [sic] whether substantial constitutional rights were violated, 'that' included those found in the 'Bill of Rights,' and federal laws, 'and,' not the end result." (*Id.* at 2.) He objects that "the Northern District of Texas, Dallas Division do [sic] not have jurisdiction to consider the § 2241 habeas petition" because he is incarcerated within the Eastern District of Texas, and that the Eastern District of Texas "erred by transferring the action without first determining [sic] whether" it had exclusive jurisdiction. (*Id.* at 3-4.) He also argues that "§ 2241 petitions are not subject to AEDPA's heightened gatekeeping provisions," and that his petition is not successive because his "prior federal habeas corpus petitions had not been adjudicated on the merits[.]" (*Id.* at 6, 8-9.) Finally, he re-urges arguments that the state criminal proceedings "were tainted with substantial constitutional violations that resulted in the conviction of one actually innocent," and that he is entitled to release from custody and reversal of his conviction. (*Id.* at 10; *see id.* at 11-24.)

## II.  NATURE OF FILING

According to the filing, Petitioner received a copy of the August 15 recommendation on August 18, 2023, the objections were placed in the prison mailbox before the recommendation was accepted, and neither the acceptance of the recommendation nor the entry of judgment was mentioned. (*See id.* at 25.) The objections are therefore construed as timely pre-judgment objections to the August 15 recommendation. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th

Cir. 2013). Because Petitioner's objections were received within 28 days of the entry of judgment, they should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

### III.    FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner first challenges the construal of his filing as a § 2254 petition and jurisdiction over the petition. (*See* doc. 13 at 1-5.) As discussed in the recommendation, although Petitioner filed this action under § 2241, he expressly challenges his state court conviction and seeks its reversal or modification, and challenges to state convictions are governed by § 2254. (*See* doc. 10 at 3.) The recommendation also noted that only § 2241(c)(3) appeared to apply in this case, and if Petitioner was in custody for purposes of § 2241(c)(3), he was also in custody for purposes of § 2254. (*See id.* at 3-4.) Because "'a more specific provision controls a more general provision,'" the recommendation construed the petition as arising under the more specific provision of § 2254. (*Id.* at 4 (citation omitted).) Jurisdiction under § 2254 is in the district in which the petitioner is incarcerated or in which he was convicted, and even where a court has jurisdiction, it may transfer the action to another district or division "in the exercise of its discretion and in furtherance of justice." 28 U.S.C. § 2241(d). Because Petitioner was convicted in Dallas County, and the Eastern District of Texas could exercise its discretion under § 2241(d) to transfer the petition to this district, jurisdiction is proper. Accordingly, Petitioner's objections on these bases are without merit and do entitle him to relief under Rule 59(e).

Petitioner next argues that the petition is not successive because "§ 2241 petitions are not subject to AEDPA's heightened gatekeeping provisions," and his "prior federal habeas corpus petitions had not been adjudicated on the merits[.]" (doc. 13 at 6, 8.) As discussed in the recommendation, the petition is properly construed as arising under § 2254, rather than under § 2241. (*See* doc. 10 at 3-4.) A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. (*See id.* at 4-5 (citations omitted).) The recommendation discussed Petitioner's prior § 2254 petitions, one of which was denied with prejudice as barred by the statute of limitations. (*See id.* at 2.) Because a dismissal based on the

4

statute of limitations is considered an adjudication on the merits for determining whether a subsequent petition is successive, and because the petition raised claims that were or could have been raised in that prior habeas petition, the recommendation found that the petition was successive within the meaning of § 2244(b). (*See id.* 4-6 (citing, in relevant part, *Higginbotham v. Barnes*, No. 21-60601, 2022 WL 795433 at *1 (5th Cir. Mar. 15, 2022)).) Petitioner's objection is without merit, and he has not shown he is entitled to Rule 59(e) relief on this basis.

Further, Petitioner's objections essentially reassert and again seek review of the same positions and arguments he raised in his petition, which have been rejected. (*See generally* docs. 1, 10, 13.) As discussed, rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show entitlement to relief under Rule 59(e). *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Petitioner has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. He has provided insufficient grounds to justify relief under Rule 59(e).

### IV.   RECOMMENDATION

The *Petitioner* [sic] *Objection Notice Pursuant to US.C.S.* [sic] *Fed Rules Civ. Proc* [sic] *72*, received on September 14, 2023 (doc. 13), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 19th day of September, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE