IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS ROMERO HERNANDEZ,<br>    ID #00806344,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>) No. 3:23-CV-1215-M-BH<br>)<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition For Certificate of Appealability 28 USC § 2253(c)(2); Fed. R. App. Proc. 22(b)*, received from the Fifth Circuit on October 23, 2023 (doc. 17), should be **DENIED**.

### I.    BACKGROUND

Carlos Romero Hernandez (Petitioner) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a state conviction. (*See* doc. 1.) On August 15, 2023, it was recommended that the petition be construed as a successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and dismissed without prejudice for lack of jurisdiction. (*See* doc. 10.) On September 12, 2023, the recommendation was accepted, the petition was construed as a successive § 2254 petition and dismissed without prejudice for lack of jurisdiction, a certificate of appealability was denied, and judgment was entered. (*See* docs. 11-12.) Petitioner's objection to the recommendation, received after entry of judgment, was construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e); the Rule 59(e) motion and a certificate

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

of appealability were denied on October 17, 2023. (*See* doc. 15.) Petitioner now seeks a certificate of appealability. (*See* doc. 16 at 1-2.)

## II.   CERTIFICATE OF APPEALABILITY

Petitioner was previously denied a certificate of appealability on his petition by order dated September 12, 2023, because he failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." (*See* doc. 11 (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).) He was also denied a certificate of appealability as to his Rule 59(e) motion by order dated October 17, 2023. (*See* doc. 15.) He is not now entitled to a certificate of appealability as to his petition or his Rule 59(e) motion for the same reasons.

## III.   RECOMMENDATION

The *Petition For Certificate of Appealability 28 USC § 2253(c)(2); Fed. R. App. Proc. 22(b)*, received from the Fifth Circuit on October 23, 2023 (doc. 17), should be **DENIED**.

**SIGNED this 30th day of October, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3